# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1668

SANDRA K. HUPP, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before GREENE, *Chief Judge*, and HAGEL and SCHOELEN, *Judges*.

## O R D E R

Before the Court is Sandra K. Hupp's appeal, through counsel, of a July 14, 2003, Board of Veterans' Appeals (Board) decision that denied her claims for accrued benefits under 38 U.S.C. § 5121 and service connection for the cause of her veteran-husband's death for the purpose of 38 U.S.C. § 1310 dependency and indemnity compensation (DIC) benefits. On July 18, 2007, the Court affirmed the Board's denial of Mrs. Hupp's accrued benefits claim after concluding that Mrs. Hupp had abandoned her appeal of that claim because she had raised no specific assertion of error regarding the matter. *Hupp v. Nicholson*, 21 Vet.App. 342, 356 (2007). The Court also vacated that portion of the Board's 2003 decision that had denied Mrs. Hupp's claim for VA service connection for the cause of her husband's death for the purpose of DIC benefits and remanded that matter for readjudication. *Id.* at 355-56. The Court noted that at the time of his death from intracranial hemorrhage due to or as a consequence of chronic myelogenous leukemia (CML), Mr. Hupp had a pending claim for service connection for "residuals of exposure to Agent Orange." *Id.* at 346. With regard to Mrs. Hupp's claim for DIC benefits, the Court determined that the Board had erred by failing to provide an adequate statement of reasons or bases for rejecting a May 1995 VA physician's opinion linking Mr. Hupp's CML to Agent Orange exposure in service.

On appeal, the United States Court of Appeals for the Federal Circuit (Federal Circuit) reversed this Court's decision affirming the Board's denial of Mrs. Hupp's accrued benefits claim. *Hupp v. Shinseki*, No. 2008-7059, 2009 WL 1386056, at *2 (Fed. Cir. May 19, 2009). The Federal Circuit concluded that under the facts of this case there was "no legal basis" to distinguish the accrued benefits and DIC claims and ordered that the accrued benefits matter be "remand[ed] to the Veterans Court with instructions to remand to the Board . . . so that the DIC and accrued benefits claims can be considered together." *Id.* at *1, *2.

Accordingly, it is

ORDERED that that part of the July 2003 Board decision that denied Mrs. Hupp's claim for

accrued benefits is VACATED and the matter is REMANDED to the Board for readjudication consistent with the reasoning set forth in the Court's July 18, 2007, decision remanding Mrs. Hupp's claim for DIC benefits. *See Hupp*, 21 Vet.App. at 355-56.

DATED: August 31, 2009                                    PER CURIAM